IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHINETTA MARTIN, Individually, and as Guardian of the Estate of C.D.C, a Minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-01393-MJR-SCW |
| EAST ST. LOUIS SCHOOL DISTRICT #189, ARTHUR R. CULVER, LELON SEABERRY, JR., EAU CLAIRE SHELBY, and SAMUEL L. YOUNG, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for her Complaint against Defendants, East St. Louis School District #189, Arthur R. Culver, Lelon Seaberry, Jr., Eau Claire Shelby and Samuel L. Young, states as follows:

## FACTS COMMON TO ALL COUNTS

1.      At all times relevant herein, Plaintiff, Chinetta Martin, was a resident of East St. Louis, Illinois, St. Clair County, State of Illinois and a citizen of the State of Illinois.

2.      Plaintiff, Chinetta Martin, is the natural mother of C.D.C., and the duly appointed Guardian of the Estate of C.D.C., a minor, and brings this cause of action on her behalf.

3.      At all times relevant herein, the minor, C.D.C., was a resident of East St. Louis, St. Clair County, State of Illinois, and a citizen of the State of Illinois.

4.      At all times relevant herein, the minor, C.D.C., was a child with significant developmental disabilities.

5.     At all times relevant herein, C.D.C. was a student at East St. Louis Senior High School ("ESLSHS") in St. Clair County, Illinois, and was enrolled in the Special Education program.

6.     Defendant, East St. Louis School District #189 ("District 189"), operated ESLSHS, and is organized under the laws of the State of Illinois, with its center of governmental operations in East St. Louis, St. Clair County, State of Illinois.

7.     District 189 is a government entity engaged in providing education to the children of St. Clair County, Illinois.  In so doing, it benefits substantially from the receipt of funding from both the State of Illinois and the United States government.

8.     At all times relevant herein, District 189 was responsible for providing a public education to minor students, including C.D.C., through (a) oversight and supervision of all school functions, school property and school student programs; (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to, the Superintendent, Principals and school teachers; and (c) the review and supervision of the curriculum developed by District 189, schools within District 189, and school teachers, including but not limited to, the curriculum and protections in place for students placed within the Special Education program for the schools within District 189.

9.     At all times relevant herein, District 189 was responsible for the implementation and enforcement of all policies and procedures applicable to schools within District 189, including ESLSHS.  This responsibility included the enforcement of all policies and procedures applicable to the Special Education & Services Department for District 189.

10.    Further, at all times relevant herein, District 189 was responsible for the management, care, and control of the public schools within its jurisdiction, including ESLSHS,

training for school officials and teachers as to the safety of students within District 189, and the supervision of students attending school within District 189.

11.     At all times relevant herein, District 189 was acting by and through its agents and/or employees, actual or ostensible, including, but not limited to Defendants, Arthur R. Culver, Lelon Seaberry, Jr., and Eau Claire Shelby, who were acting within the scope and course of their employment with District 189 at the time of the events giving rise to the minor's injuries.

12.     Upon information and belief, at all times relevant herein, Defendant, Arthur R. Culver ("Culver"), was a resident of St. Clair County, State of Illinois and a citizen of the State of Illinois.  At all times relevant herein, Defendant Culver was the Superintendent of District 189, and acted both individually and within the scope of his employment with District 189. Defendant Culver is named in his official and individual capacities.

13.     Upon information and belief, at all times relevant herein, Defendant, Lelon Seaberry, Jr. ("Seaberry") was a resident of St. Clair County, State of Illinois, and a citizen of the State of Illinois.  At all times relevant herein, Defendant Seaberry was the Principal for ESLSHS, a District 189 school, and acted both individually and within the scope of his employment with District 189.  Defendant Seaberry is named in his official and individual capacities.

14.     Upon information and belief, at all times relevant herein, Defendant, Eau Claire Shelby ("Shelby"), was a resident of St. Clair County, State of Illinois, and a citizen of the State of Illinois.  At all times relevant herein, Defendant Shelby was a special education teacher or special service teacher at ESLSHS, a District 189 school, and acted both individually and within the scope of her employment with District 189.

15.     Upon information and belief, at all times relevant herein, Defendant, Samuel L. Young ("Young"), was a resident of St. Clair County, State of Illinois, and a citizen of the State

of Illinois.  At all times relevant herein, Defendant Young was a student at ESLSHS in St. Clair County, Illinois.

16.     C.D.C. was sixteen (16) years old and in 9th Grade at ESLSHS at the time of the events giving rise to her injuries alleged herein.

17.     At all times relevant herein, C.D.C. was enrolled in District 189's special education program, which provided for Individualized Education Programs, more commonly known as IEP's.   IEP's are mandated by the Individuals with Disabilities Education Act ("IDEA").

18.     C.D.C. was placed in an IEP when she was Second Grade, and has remained in the program ever since that time.

19.     At all times relevant herein, C.D.C. was a participant in the IEP developed by District 189 in conjunction with ESLSHS.

20.     C.D.C.'s IEP mandated that she be supervised at all times while she attended classes at ESLSHS and/or was on school property, including transportation to and from school.

21.     The IDEA defines a "child with a disability" as a "child with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance, orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and who, by reason thereof, needs special education and related services."  20 U.S.C. § 1401(3)(A).

22.     According to 34 C.F.R. § 300.22 (2006), an IEP "means a written statement for a child with a disability that is developed, reviewed, and revised."  *See also* 20 U.S.C. § 1401(14). Each IEP includes, amongst other requirements, a disabled child's present levels of academic and functional performance; annual goals; measurements of progress; the special education

services to be provided; the extent to which the child will not participate with nondisabled children in regular classes and activities; accommodations necessary for the child to achieve academic and functional performance consistent with State and District standards; and the date, location, frequency and duration of services to be provided to the child.  34 C.F.R. § 300.320 (2007).

23.     On or about December 16, 2013, C.D.C. was in her classroom at ESLSHS in the classroom specifically reserved for special needs students.   Upon information and belief, C.D.C.'s class room was segregated from the main campus of the school in an area dedicated to students enrolled in the Special Education program.

24.     On or about December 16, 2013, Defendant Shelby was C.D.C.'s teacher and was overseeing the students in C.D.C.'s classroom, including C.D.C.

25.     On or about December 16, 2013, there were six (6) students in C.D.C.'s classroom, including C.D.C.

26.     On or about December 16, 2013, at approximately 2:00 p.m., Defendant Young, a male student at ESLSHS, entered C.D.C.'s classroom and removed C.D.C. out of the classroom and into the hallway.  Defendant Young was not a student enrolled in the Special Education program.

27.     On or about December 16, 2013, at the time Defendant Young removed C.D.C. from her classroom, Defendant Shelby was present in the classroom and took no actions to prevent C.D.C. from being removed from the classroom by another male student, did not stop Defendant Young from removing C.D.C. from her classroom, and did not report C.D.C.'s removal from her classroom to anyone, including ESLSHS security, that C.D.C. had been removed from her classroom without the supervision of a school official or teacher.

28.     Once C.D.C. was out in the hallway, Defendant Young coached C.D.C. further down the hallway towards a janitorial closet.  When they reached the janitorial closet, Defendant Young pushed C.D.C. into the closet where another male student was waiting for her.  The second male student removed C.D.C.'s clothes from her body and raped and sexually assaulted her while Defendant Young stood outside the closet door.

29.     Defendant, District 189, and representatives of ESLSHS refused to release the identity of the male student that raped C.D.C. in the janitorial closet due to his minor status.

30.     At the time C.D.C. was removed from her classroom by another male student, there was no security present at the security desk in the hallway and the janitorial closet where C.D.C. was raped was unlocked.

31.     Upon information and belief, ESLSHS maintains security cameras in the hallways of the school, including within the separate area of the school dedicated to students enrolled in the Special Education program.

32.     Upon information and belief, the ESLSHS security cameras recorded footage of Defendant Young guiding C.D.C. down the hallway and pushing her in the janitorial closet.

33.     On December 16, 2013, when C.D.C. exited the janitorial closet after being raped by another male student, she was visibly upset and crying.  C.D.C. later missed the bus home from school.

34.     At the time of the aforementioned events, District 189 provided transportation for C.D.C. to and from school as a part of her IEP, however, no official or teacher from ESLSHS or District 189 notified Chinetta Martin that C.D.C. had missed the bus home from school.

35.     On or about the evening of December 16, 2013, C.D.C. informed her mother, Chinetta Martin, that she had been raped at ESLSHS.  A subsequent rape kit performed at SSM

Cardinal Glennon Children's Hospital in St. Louis, Missouri confirmed C.D.C. had been sexually assaulted.

36.     On or about December 17, 2013, Chinetta Martin and C.D.C. met with Defendant Seaberry and other ESLSHS officials and discussed the aforementioned incident involving the sexual assault and rape of C.D.C.

37.     Defendant Seaberry informed Chinetta Martin that he reviewed the video, and told her that she wouldn't want to see the security footage as she wouldn't want to see the way her daughter was acting – implying that Plaintiff's minor daughter with special needs had consented to sex with another male student in a janitorial closet.

38.     Upon information and belief, Defendant Seaberry made the aforementioned representation to Chinetta Martin despite the fact that the video footage shows C.D.C. being forcefully pushed into the janitorial closet.

39.     Thereafter, District 189 and ESLSHS refused to allow Plaintiff to review the security footage, and attempted to cover up what had happened to C.D.C.

40.     A subsequent investigation by law enforcement led to criminal charges being filed against the two male perpetrators.

41.     Upon information and belief, one or both of the aforementioned male perpetrators had a history of disciplinary issues at ESLSHS, including but not limited to, a history of inappropriate sexual misconduct.

42.     Since the incident of December 16, 2013, C.D.C. has not attended classes at ESLSHS.  Rather, C.D.C. received homebound instruction in the Spring 2014 Semester, and in the Fall 2014 Semester, District 189's Special Education and Services Department placed C.D.C. at Edgewood Children Center, a private school in St. Louis, Missouri for children with

behavioral disorders.  At no time has Defendant, District 189, attempted to place C.D.C. in another school closer to her home to ensure her continued education in a safe and secure environment that is appropriate for her needs and educational requirements and accommodations.

43.   Plaintiff has made repeated demands on Defendant, District 189, and ESLSHS, in accordance with her rights under 20 U.S.C.A. § 1415, to produce copies of any and all files, school records, documents, medical or psychiatric evaluations, and IEP's for C.D.C. in an effort to enroll C.D.C. in another school more suited to her special needs and educational requirements and accommodations.  To date, Defendant, District 189, and ESLSHS have failed to comply with Plaintiff's request to the detriment of C.D.C.

44.   Defendant, District 189, by and through its agents, representatives, and/or employees, failed to thoroughly investigate C.D.C.'s claims and failed to take appropriate remedial action to ensure C.D.C.'s continued, uninterrupted education in a safe environment that would accommodate her IEP and provide her the same or similar education.

45.   Upon information and belief, on December 16, 2013, District 189 had policies and procedures in place that governed the education, transportation, supervision and protection of students enrolled in the Special Education program or placed in an IEP, including but not limited to, policies and procedures regarding protecting its female special needs students from known or foreseeable dangers, such as sexual assault and/or rape.

46.   Upon information and belief, the policies and procedures that governed the education, transportation, supervision and protection of students enrolled in the Special Education program or placed in an IEP included the requirement that no special needs student be removed from his/her classroom without supervision or accompaniment by a school official or

teacher, and indeed, this was a requirement of C.D.C.'s IEP in place at the time of the aforementioned events.

47.     Upon information and belief, Defendants, District 189, Arthur R. Culver and/or Lelon Seaberry, Jr., did not develop or maintain a program that implemented or enforced the policies and procedures of District 189's Special Education and Services Department within ESLSHS.

48.     Upon information and belief, Defendants, District 189, Arthur R. Culver and/or Lelon Seaberry, Jr, did not develop or maintain a program that ensured male students, such as the students who, acting in concert, raped C.D.C., would not be allowed to enter the area of the school dedicated to the Special Education students, enter a Special Education classroom, and remove a female special needs student from her classroom without the supervision of a school official, teacher or security when her IEP mandated supervision at all times.

## JURISDICTION AND VENUE

49.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 1343(a)(3) as this Complaint alleges claims arising under federal law, specifically, 42 U.S.C. § 1983, 20 U.S.C. § 1681, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act of 1990.  This action also claims violations of Illinois state law.

50.     Jurisdiction is also proper pursuant to 28 U.S.C. § 1367(a) in that the state claims alleged herein are so related to the federal question claims asserted herein that they form part of the same case or controversy under Article III of the United States Constitution.

51.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that all of the events, acts and/or omissions giving rise to the claims herein occurred in the Southern District of Illinois.

## COUNT I
### *(42 U.S.C. § 1983 – East St. Louis School District #189)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and on behalf of C.D.C., a Minor, and for Count I of her Complaint against Defendant, East St. Louis School District #189 ("District 189"), states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, District 189, and its agents and employees, had an affirmative duty to care for C.D.C. while she was in the care, custody and control of District 189.

54.     At all times relevant herein, Defendant, District 189, had a special relationship with C.D.C. due to District 189's care, custody and control over C.D.C. while she was attending class at ESLSHS in the Special Education program.

55.     At all times relevant herein, Defendant, District 189, by and through its agents and employees, had a duty not to create, needlessly, an increased risk of harm to C.D.C. while C.D.C. was in the care, custody and control of District 189.

56.     At all times relevant herein, Defendant, District 189, by and through its agents and employees, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of C.D.C. as protected by the Fourth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

57.     At all times relevant herein, Defendant, District 189, by and through its agents and employees, failed to protect C.D.C. from the increased risk of harm and/or danger that it had created for C.D.C. when it allowed another male student to enter a Special Education classroom containing only six (6) students and remove C.D.C., a special needs student, from her classroom

without the supervision of a school official, while C.D.C. was in the care, custody and control of District 189.

58. By needlessly, and without justification, placing C.D.C. into a more dangerous situation than C.D.C. was prior to being allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, Defendant, District 189, by and through its agents and employees, including but not limited to, Defendants herein, violated C.D.C.'s substantive due process rights by depriving C.D.C. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

59. As a direct and proximate result of the violation of C.D.C.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189.

60. The placement of C.D.C. into a more dangerous situation than she was in before she was allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, the violation of C.D.C.'s constitutional right to substantive due process, and the failure of District 189, by and through its agents and employees, to protect its special needs students from sexual assault and rape, and prevent them from being removed from their classroom without supervision by a school official, teacher or security, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by District 189.

61. The failure of Defendant, District 189, by and through its agents and employees, to protect C.D.C. from the increased risk of harm and/or danger that it had created proximately

caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

62.     Defendant District 189's subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, shocks the conscience and constitutes egregious conduct by District 189.

63.     Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, C.D.C. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

64.     Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides C.D.C. with the right to bodily integrity, to be secure and to be left alone, and the right to liberty.

65.     At all times relevant herein, Defendant, District 189, and its agents and employees, acting both in their individual capacity as well as within the scope of their employment with District 189, were acting under the color of state law.

66.     At all times relevant herein, Defendant, District 189, and its agents and employees, knew or should have known that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students.

67.     Defendant, District 189, and its agents and employees, while acting under the color of state law, deprived C.D.C. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. §

1983, by condoning practices, including but not limited to the following: the inadequate training of teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students; the failure to follow policies and procedures to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student; the failure to provide security in the hallways near or outside the Special Education classrooms to ensure that special needs students were protected from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C., and inadequate policies and procedures to ensure the continued education of special needs students in a secure and safe environment that can meet their educational requirements and accommodations after they have been the victims of sexual assault and/or rape within a District 189 school.

68.     As a direct and proximate result of Defendant District 189's acts and/or omissions, as detailed above, C.D.C. has been deprived of access to the public program of education.

69.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, East St. Louis School District #189, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit and attorneys' fees.

## COUNT II
### *(20 U.S.C. § 1961, et seq. – East St. Louis School District #189)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count II of her Complaint against Defendant, East St. Louis School District #189 ("District 189"), states as follows:

70.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

71.     Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"  20 U.S.C. § 1681(a).

72.     Title IX liability arises where, such as here, a school district official has the authority to take protective measures to prevent the sexual assault and/or rape of a minor female special needs student, and acts with deliberate indifference and unreasonably in light of a male student entering a Special Education classroom and removing a female special needs student from her classroom where the special needs student requires supervision at all times.

73.     On or about December 16, 2013, Defendant, District 189, by and through its agents and employees, including but not limited to, Defendant Shelby, had the authority to initiate corrective action in response to Defendant Young entering C.D.C.'s classroom and removing her without the supervision of a school official or teacher.

74.     On or about December 16, 2013, Defendant, District 189, by and through its agents and employees, including but not limited to, Defendant Shelby, acted with deliberate indifference to their sufficient, actual notice of a threat of increased risk of harm or danger to C.D.C. by virtue of Defendant Young entering C.D.C.'s classroom and removing her therefrom, and acted unreasonably in light of the known circumstances.

75.     On or about December 16, 2013, Defendant, District 189, by and through its agents and employees, recklessly disregarded the requirements of C.D.C.'s IEP when they allowed C.D.C. to be removed from her classroom by Defendant Young without the supervision of a school official or teacher.

76.     Further, on or about December 16, 2013, Defendant Seaberry was the highest ranking school official present at ESLSHS, and was responsible for ensuring that the students in his school were safe, especially the special needs students to which the school had a special relationship with, such as C.D.C., due to District 189's affirmative duty to care for such students, such as C.D.C., while they were in the care, custody and control of District 189.

77.     As a direct and proximate result of Defendant District 189's negligent, reckless and/or willful and wanton breach of its duty to C.D.C., pursuant to 20 U.S.C. § 1681, *et. seq.*, C.D.C. was sexually assaulted and raped at ESLSHS while she was in the care, custody and control of Defendant.

78.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-

related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, East St. Louis School District #189, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit and attorneys' fees.

## COUNT III
### (Section 504 of the Rehabilitation Act of 1973 – East St. Louis School District #189)

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count III of her Complaint against Defendant, East St. Louis School District #189 ("District 189"), states as follows:

79.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

80.     At all times relevant herein, C.D.C. was a special needs student placed in an IEP, and is an individual with a disability who is otherwise qualified for full participation in educational curriculum and related services under Section 504 of the Rehabilitation Act of 1973.

81.     Section 504 of the Rehabilitation Act specifically sets forth that "no qualified individual with a disability shall . . . solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance."

82.     Defendant, District 189, is a recipient of state and federal funding.

83.     On and prior to December 16, 2013, Defendant, District 189, by and through its agents and employees, were deliberately indifferent to C.D.C.'s right to free public education by failing to take reasonable protective measures to ensure C.D.C. was supervised at all times, in accordance with her IEP, to prevent the increased risk of harm or danger to C.D.C., such as the sexual assault and/or rape of C.D.C., that resulted in the substantial restriction of C.D.C.'s educational and developmental opportunities.

84.     At all times relevant herein, Defendant, District 189, and its agents and employees, knew or should have known that C.D.C. could be taken advantage of, injured, sexually assaulted and/or raped by other students based on her disability.

85.     C.D.C.'s disability and placement in an IEP was used as motivation for the sexual assault and rape.   Students at ESLSHS, including Defendant Young and the other male perpetrator, knew of C.D.C.'s disability by virtue of her placement in Special Education classes and recognized an opportunity to remove her from her classroom, based on her disability, for the purpose of sexually assaulting and raping her.   The acts and omissions of Defendant, District 189, by and through its agents and employees, denied C.D.C. free public education, including but not limited to the following:   the inadequate training of teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students; the failure to follow policies and procedures to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student; the failure to provide security in the hallways near or outside the Special Education classrooms to ensure that special needs students were protected from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C., and inadequate policies and procedures to ensure the continued education of special needs

students in a secure and safe environment that can meet their educational requirements and accommodations after they have been the victims of sexual assault and/or rape within a District 189 school.

86.     The above acts and omissions by Defendant, District 189, were with willful and wanton disregard for C.D.C.'s rights.

87.     As a direct and proximate result of Defendant, District 189's, acts and/or omissions, as detailed above, C.D.C. has been deprived of access to the public program of education.

88.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, East St. Louis School District #189, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit and attorneys' fees.

<u>**COUNT IV**</u>
*(Title II of the Americans with Disabilities Act of 1990 – East St. Louis School District #189)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count IV of her Complaint against Defendant, East St. Louis School District #189 ("District #189"), states as follows:

89.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

90.     At all times relevant herein, C.D.C. is an individual with a disability who is otherwise qualified for full participation in educational curriculum and related services under Title II of the Americans with Disabilities Act ("ADA") which prohibits the exclusion of or discrimination against any otherwise qualified individuals with a disability by a public school district and other public entities.

91.     Defendant, District 189, is a "Public Entity" as defined by 42. U.S.C. §12131.

92.     Defendant, District 189, in violating C.D.C.'s rights, as alleged above, has also violated her rights under the ADA.

93.     On and prior to December 16, 2013, Defendant, District 189, by and through its agents and employees, were deliberately indifferent to C.D.C.'s right to a free public education by failing to take reasonable protective measures to ensure C.D.C. was supervised at all times, in accordance with her IEP, to prevent the increased risk of harm or danger to C.D.C., such as the sexual assault and/or rape of C.D.C., that resulted in the substantial restriction of C.D.C.'s educational and developmental opportunities.

94.     On December 16, 2013, and thereafter, Defendant, District 189, by and through its agents and employees, were deliberately indifferent to C.D.C.'s right to a free public

education by failing to ensure her continued, uninterrupted education in a safe environment that would accommodate her IEP and provide her the same or similar education.

95.     Defendant, District 189, is liable to C.D.C. for its violations of Title II of the ADA in that it has intentionally excluded her from participation in or denied her the benefits of public education.

96.     Defendant, District 189, by and through its agents and employees, acted with reckless and deliberate indifference to C.D.C.'s right to be free from discrimination and harassment, such as the sexual assault and rape that she suffered.

97.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, East St. Louis School District #189, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit and attorneys' fees.

## COUNT V
### *(Willful and Wanton Misconduct – East St. Louis School District #189)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count V of her Complaint against Defendant, East St. Louis School District #189 ("District #189"), states as follows:

98.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

99.     At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, District 189, and its agents and employees, had a special relationship with C.D.C. and an affirmative duty to provide supervision for C.D.C. while she was in the care, custody and control of District 189.

100.    On or about December 16, 2013, Defendant, District 189, by and through its agents and employees, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., failed to supervise C.D.C., pursuant to her IEP and its obligations under the law, when it consciously allowed another male student to enter a Special Education classroom containing only six (6) students, and remove C.D.C., a special needs student, from her classroom without the supervision of a school official or teacher, while C.D.C. was in the care, custody and control of District 189.

101.    On or about December 16, 2013, at or about the time Defendant Young removed C.D.C. from her Special Education classroom, Defendant, District 189, by and through its agents and employees, including but not limited to, Defendants, Culver, Seaberry and/or Shelby, knew that C.D.C.'s removal from her classroom by another male student without the supervision of a school official or teacher would naturally and probably result in injury.

102.    As a direct and proximate result of Defendant District 189's willful and wanton acts or failures to act, and/or reckless disregard for the safety of C.D.C. and its obligations

pursuant to C.D.C.'s IEP and under the law, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189.

103.    The failure of Defendant, District 189, by and through its agents and employees, to supervise C.D.C. at all times proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

104.    Defendant District 189's subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, was a willful and wanton disregard of C.D.C.'s rights.

105.    At all times relevant herein, Defendant, District 189, and its agents and employees, knew or should have known that C.D.C.'s IEP mandated her supervision at all times while she was in the care, custody and control of District 189, and/or that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program.

106.    Defendant, District 189, by and through its agents and employees, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., breached its duty to C.D.C. in one or more of the following ways:

a.  Defendant, District 189, failed to provide supervision to C.D.C. at all times, as mandated by its duties under her IEP and in accordance with the law as related to students with special needs enrolled in District 189's Special Education program, when it knew or should have known that the failure to provide supervision to C.D.C. would result in the increased risk of harm or danger to C.D.C.; and/or

b.  Defendant, District 189, failed to adequately train its teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students, when it knew or should have known that the failure to do so would result in the increased risk of harm or danger to C.D.C.; and/or

      c.  Defendant, District 189, failed to follow policies and procedures to supervise C.D.C. to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student, in violation of its obligations under her IEP and under the law as related to students with special needs enrolled in District 189's Special Education program; and/or

      d.  Defendant, District 189, failed to provide security in the hallways near or outside the Special Education classrooms of ESLSHS to ensure that special needs students were supervised when traversing the hallways in order to protect them from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C.

107.    As a direct and proximate result of Defendant District 189's willful and wanton acts and/or omissions, as detailed above, C.D.C. was sexually assaulted and raped in a janitorial closet at ESLSHS while she was in the care, custody and control of District 189.

108.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, East St. Louis School District #189, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

## COUNT VI
### *(42 U.S.C. § 1983 – Arthur R. Culver)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count VI of her Complaint against Defendant, Arthur R. Culver ("Culver"), states as follows:

109.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

110.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, District 189, and its agents and employees, including Defendant, Culver, had an affirmative duty to care for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Culver.

111.    At all times relevant herein, Defendant, District 189, and its agents and employees, including Defendant, Culver, had a special relationship with C.D.C. due to District 189's care, custody and control over C.D.C. while she was attending class at ESLSHS in the Special Education program.

112.    At all times relevant herein, Defendant, Culver, by and through the scope of his employment with District 189, had a duty not to create, needlessly, an increased risk of harm to C.D.C. while C.D.C. was in the care, custody and control of District 189 and Defendant, Culver.

113.    At all times relevant herein, Defendant, Culver, by and through the scope of his employment with District 189, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of C.D.C. as protected by the Fourth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

114.    At all times relevant herein, Defendant, Culver, by and through the scope of his employment with District 189, failed to protect C.D.C. from the increased risk of harm and/or danger that he had created for C.D.C. when another male student was allowed to enter a Special

Education classroom containing only six (6) students and remove C.D.C., a special needs student, from her classroom without the supervision of a school official, while C.D.C. was in the care, custody and control of District 189 and Defendant, Culver.

115.    By needlessly, and without justification, placing C.D.C. into a more dangerous situation than C.D.C. was prior to being allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, Defendant, Culver, violated C.D.C.'s substantive due process rights by depriving C.D.C. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

116.    As a direct and proximate result of the violation of C.D.C.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Culver.

117.    The placement of C.D.C. into a more dangerous situation than she was in before she was allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, the violation of C.D.C.'s constitutional right to substantive due process, and the failure of Defendant, Culver, by and through the scope of his employment with District 189, to protect District 189's special needs students from sexual assault and rape, and prevent them from being removed from their classroom without supervision by a school official, teacher or security, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Culver.

118.    The failure of Defendant, Culver, by and through the scope of his employment with District 189, to protect C.D.C. from the increased risk of harm and/or danger that he had

created proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

119.    Defendant Culver's participation in the subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, shocks the conscience and constitutes egregious conduct by Defendant, Culver.

120.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, C.D.C. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

121.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides C.D.C. with the right to bodily integrity, to be secure and to be left alone, and the right to liberty.

122.    At all times relevant herein, Defendant, Culver, acting both in his individual capacity as well as within the scope of his employment with District 189, was acting under the color of state law.

123.    At all times relevant herein, Defendant, Culver, knew or should have known that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students.

124.     Defendant, Culver, while acting under the color of state law, deprived C.D.C. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:  the inadequate training of teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students; the failure to follow policies and procedures to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student; the failure to provide security in the hallways near or outside the Special Education classrooms to ensure that special needs students were protected from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C., and inadequate policies and procedures to ensure the continued education of special needs students in a secure and safe environment that can meet their educational requirements and accommodations after they have been the victims of sexual assault and/or rape within a District 189 school.

125.     As a direct and proximate result of Defendant Culver's acts and/or omissions, as detailed above, C.D.C. has been deprived of access to the public program of education.

126.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a

normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Arthur R. Culver, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

### COUNT VII
#### *(Willful and Wanton Misconduct – Arthur R. Culver)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count VII of her Complaint against Defendant, Arthur R. Culver ("Culver"), states as follows:

127.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

128.    At all times relevant herein, as Superintendent for District 189, Defendant, Culver, had an affirmative duty to implement and enforce the policies and procedures of District 189's Special Education and Services Department within ESLSHS.

129.    At all times relevant herein, based on the aforementioned duty, Defendant, Culver, as Superintendent for District 189, was responsible for ensuring that male students, such as the students who, acting in concert, raped C.D.C., would not be allowed to enter the area of the school dedicated to the Special Education students, enter a Special Education classroom, and remove a female special needs student from her classroom without the supervision of a school official or teacher when her IEP mandated supervision at all times.

130.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, Culver, by and through the scope of his employment with District 189, had a special relationship with

C.D.C. and an affirmative duty to provide supervision for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Culver.

131.   On or about December 16, 2013, Defendant, Culver, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., failed to ensure and/or provide supervision for C.D.C., pursuant to her IEP and his obligations under the law, when another male student was allowed to enter a Special Education classroom containing only six (6) students, and remove C.D.C., a special needs student, from her classroom without the supervision of a school official or teacher, while C.D.C. was in the care, custody and control of District 189 and Defendant, Culver.

132.   On or about December 16, 2013, at or about the time Defendant Young removed C.D.C. from her Special Education classroom, Defendant, Culver, knew that C.D.C.'s removal from her classroom by another male student without the supervision of a school official or teacher would naturally and probably result in injury.

133.   As a direct and proximate result of Defendant Culver's willful and wanton acts or failures to act, and/or reckless disregard for the safety of C.D.C. and his obligations pursuant to C.D.C.'s IEP and under the law, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Culver.

134.   The failure of Defendant, Culver, by and through the scope of his employment with District 189, to provide supervision to C.D.C. at all times proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

135.    Defendant Culver's subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, was a willful and wanton disregard of C.D.C.'s rights.

136.    At all times relevant herein, Defendant, Culver, by and through the scope of his employment with District 189, knew or should have known that C.D.C.'s IEP mandated her supervision at all times while she was in the care, custody and control of District 189, and/or that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program.

137.    Defendant, Culver, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., breached his duty to C.D.C. in one or more of the following ways:

     a. Defendant, Culver, failed to provide supervision to C.D.C. at all times, as mandated by his duties under her IEP and in accordance with the law as related to students with special needs enrolled in District 189's Special Education program, when he knew or should have known that the failure to provide supervision to C.D.C. would result in the increased risk of harm or danger to C.D.C.; and/or

     b. Defendant, Culver, failed to adequately train District 189's teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to C.D.C.; and/or

     c. Defendant, Culver, failed to follow policies and procedures to provide supervision to C.D.C. to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student, in violation of his obligations under her IEP and under the law as related to students with special needs enrolled in District 189's Special Education program; and/or

     d. Defendant, Culver, failed to provide security in the hallways near or outside the Special Education classrooms of ESLSHS to ensure that special needs students were supervised when traversing the hallways in order to protect them from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C.

138.    As a direct and proximate result of Defendant Culver's willful and wanton acts and/or omissions, as detailed above, C.D.C. was sexually assaulted and raped in a janitorial closet at ESLSHS while she was in the care, custody and control of District 189 and Defendant, Culver.

139.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Arthur R. Culver, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

## COUNT VIII
### *(42 U.S.C. § 1983 – Lelon Seaberry, Jr.)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count VIII of her Complaint against Defendant, Lelon Seaberry, Jr. ("Seaberry"), states as follows:

140.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

141.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, District 189, and its agents and employees, including Defendant, Seaberry, had an affirmative duty to care for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Seaberry.

142.    At all times relevant herein, Defendant, District 189, and its agents and employees, including Defendant, Seaberry, had a special relationship with C.D.C. due to District 189's care, custody and control over C.D.C. while she was attending class at ESLSHS in the Special Education program.

143.    At all times relevant herein, Defendant, Seaberry, by and through the scope of his employment with District 189, had a duty not to create, needlessly, an increased risk of harm to C.D.C. while C.D.C. was in the care, custody and control of District 189 and Defendant, Seaberry.

144.    At all times relevant herein, Defendant, Seaberry, by and through the scope of his employment with District 189, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of C.D.C. as protected by the Fourth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

145.    At all times relevant herein, Defendant, Seaberry, by and through the scope of his employment with District 189, failed to protect C.D.C. from the increased risk of harm and/or danger that he had created for C.D.C. when he allowed another male student to enter a Special Education classroom containing only six (6) students and remove C.D.C., a special needs student, from her classroom without the supervision of a school official, while C.D.C. was in the care, custody and control of District 189 and Defendant, Seaberry.

146.    By needlessly, and without justification, placing C.D.C. into a more dangerous situation than C.D.C. was prior to being allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, Defendant, Seaberry, violated C.D.C.'s substantive due process rights by depriving C.D.C. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

147.    As a direct and proximate cause of the violation of C.D.C.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Seaberry.

148.    The placement of C.D.C. into a more dangerous situation than she was in before she was allowed to be removed from her classroom by another male student without supervision by a school official, teacher or security, the violation of C.D.C.'s constitutional right to substantive due process, and the failure of Defendant, Seaberry, by and through the scope of his employment with District 189, to protect his special needs students from sexual assault and rape, and prevent them from being removed from their classroom without supervision by a school official, teacher or security, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Seaberry.

149.    The failure of Defendant, Seaberry, by and through the scope of his employment with District 189, to protect C.D.C. from the increased risk of harm and/or danger that he had created proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

150.    Defendant Seaberry's participation in the subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, shocks the conscience and constitutes egregious conduct by Defendant, Seaberry.

151.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, C.D.C. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

152.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides C.D.C. with the right to bodily integrity, to be secure and to be left alone, and the right to liberty.

153.    At all times relevant herein, Defendant, Seaberry, acting both in his individual capacity as well as within the scope of his employment with District 189, was acting under the color of state law.

154.    At all times relevant herein, Defendant, Seaberry, knew or should have known that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students.

155.    Defendant, Seaberry, while acting under the color of state law, deprived C.D.C. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:  the inadequate training of teachers, administrators, and faculty

members regarding the supervision, protection and educational requirements for special needs students; the failure to follow policies and procedures to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student; the failure to provide security in the hallways near or outside the Special Education classrooms to ensure that special needs students were protected from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C., and inadequate policies and procedures to ensure the continued education of special needs students in a secure and safe environment that can meet their educational requirements and accommodations after they have been the victims of sexual assault and/or rape at ESLSHS.

156.    As a direct and proximate result of Defendant Seaberry's acts and/or omissions, as detailed above, C.D.C. has been deprived of access to the public program of education.

157.    As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Lelon Seaberry, Jr., for

actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

**COUNT IX**
*(Willful and Wanton Misconduct – Lelon Seaberry, Jr.)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count IX of her Complaint against Defendant, Lelon Seaberry, Jr. ("Seaberry"), states as follows:

158.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

159.    At all times relevant herein, as the Principal for ESLSHS, a District 189 school, Defendant, Seaberry, had an affirmative duty enforce the policies and procedures of District 189's Special Education and Services Department within ESLSHS.

160.    At all times relevant herein, based on the aforementioned duty, Defendant, Seaberry, as the Principal for ESLSHS, a District 189 school, was responsible for ensuring that male students, such as the students who, acting in concert, raped C.D.C., would not be allowed to enter the area of the school dedicated to the Special Education students, enter a Special Education classroom, and remove a female special needs student from her classroom without the supervision of a school official or teacher when her IEP mandated supervision at all times.

161.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, Seaberry, by and through the scope of his employment with District 189, had a special relationship with C.D.C. and an affirmative duty to provide supervision for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Seaberry.

162.    On or about December 16, 2013, Defendant, Seaberry, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., failed to ensure and/or provide

supervision for C.D.C., pursuant to her IEP and his obligations under the law, when another male student was allowed to enter a Special Education classroom containing only six (6) students, and remove C.D.C., a special needs student, from her classroom without the supervision of a school official or teacher, while C.D.C. was in the care, custody and control of District 189 and Defendant, Seaberry.

163.    On or about December 16, 2013, at or about the time Defendant Young removed C.D.C. from her Special Education classroom, Defendant, Seaberry, knew that C.D.C.'s removal from her classroom by another male student without the supervision of a school official or teacher would naturally and probably result in injury.

164.    As a direct and proximate result of Defendant Seaberry's willful and wanton acts or failures to act, and/or reckless disregard for the safety of C.D.C. and his obligations pursuant to C.D.C.'s IEP and under the law, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Seaberry.

165.    The failure of Defendant, Seaberry, by and through the scope of his employment with District 189, to provide supervision to C.D.C. at all times proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

166.    Defendant Seaberry's subsequent cover-up of C.D.C.'s rape at ESLSHS in the face of substantial evidence of the sexual assault and rape of C.D.C., including uncontroverted security footage, was a willful and wanton disregard of C.D.C.'s rights.

167.    At all times relevant herein, Defendant, Seaberry, by and through the scope of his employment with District 189, knew or should have known that C.D.C.'s IEP mandated her supervision at all times while she was in the care, custody and control of District 189, and/or that

students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program.

168.    Defendant, Seaberry, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., breached his duty to C.D.C. in one or more of the following ways:

a.  Defendant, Seaberry, failed to provide supervision to C.D.C. at all times, as mandated by his duties under her IEP and in accordance with the law as related to students with special needs enrolled in District 189's Special Education program, when he knew or should have known that the failure to provide supervision to C.D.C. would result in the increased risk of harm or danger to C.D.C.; and/or

b.  Defendant, Seaberry, failed to adequately train District 189's teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for special needs students, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to C.D.C.; and/or

c.  Defendant, Seaberry, failed to follow policies and procedures to provide supervision to C.D.C. to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student, in violation of his obligations under her IEP and under the law as related to students with special needs enrolled in District 189's Special Education program; and/or

d.  Defendant, Seaberry, failed to provide security in the hallways near or outside the Special Education classrooms of ESLSHS to ensure that special needs students were supervised when traversing the hallways in order to protect them from known risks of harm or danger, such as other students sexually assaulting and/or raping such special needs students, including C.D.C.

169.    As a direct and proximate result of Defendant Seaberry's willful and wanton acts and/or omissions, as detailed above, C.D.C. was sexually assaulted and raped in a janitorial closet at ESLSHS while she was in the care, custody and control of District 189 and Defendant, Seaberry.

170.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional

distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Lelon Seaberry, Jr., for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

<u>**COUNT X**</u>
*(42 U.S.C. § 1983 – Eau Claire Shelby)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count X of her Complaint against Defendant, Eau Claire Shelby ("Shelby"), states as follows:

171.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

172.    At all times relevant herein, Defendant Shelby was a special education teacher or special service teacher at ESLSHS, a District 189 school, and was C.D.C.'s teacher at the time of the events giving rise to C.D.C.'s injuries.

173.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, District 189, and its agents and employees, including Defendant, Shelby, had an affirmative duty to care for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Shelby.

174.    At all times relevant herein, Defendant, Shelby, as C.D.C.'s special education teacher and participant in her IEP, had a special relationship with C.D.C. while she was attending class at ESLSHS in the Special Education program and in her care, custody and control.

175.    At all times relevant herein, Defendant, Shelby, by virtue of her aforementioned special relationship, had a duty not to create, needlessly, an increased risk of harm to C.D.C. while C.D.C. was in her care, custody and control.

176.    At all times relevant herein, Defendant, Shelby, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of C.D.C. as protected by the Fourth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

177.    At all times relevant herein, Defendant, Shelby, failed to protect C.D.C. from the increased risk of harm and/or danger that she had created for C.D.C. when she allowed another male student to enter C.D.C.'s classroom containing only six (6) students she was responsible for, and remove C.D.C., a special needs student, from her classroom without the supervision of a school official or teacher, such as herself, while C.D.C. was in the care, custody and control of District 189 and Defendant, Shelby.

178.    By needlessly, and without justification, placing C.D.C. into a more dangerous situation than C.D.C. was prior to being allowed to be removed from her classroom by another male student without supervision by a school official or teacher, such as herself, Defendant, Shelby, violated C.D.C.'s substantive due process rights by depriving C.D.C. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

179.   As a direct and proximate cause of the violation of C.D.C.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Shelby.

180.   The placement of C.D.C. into a more dangerous situation than she was in before she was allowed to be removed from her classroom by another male student without supervision by a school official or teacher, the violation of C.D.C.'s constitutional right to substantive due process, and the failure of Defendant, Shelby, by and through the scope of her employment with District 189, to protect the special needs students in her classroom from sexual assault and rape, and prevent them from being removed from her classroom without supervision by a school official or teacher, such as herself, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Shelby.

181.   The failure of Defendant, Shelby, by and through the scope of her employment with District 189, to protect C.D.C. from the increased risk of harm and/or danger that she had created proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

182.   Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, C.D.C. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

183.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides C.D.C. with the right to bodily integrity, to be secure and to be left alone, and the right to liberty.

184.    At all times relevant herein, Defendant, Shelby, acting both in her individual capacity as well as within the scope of her employment with District 189, was acting under the color of state law.

185.    At all times relevant herein, Defendant, Shelby, knew or should have known that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program.

186.    Defendant, Shelby, while acting under the color of state law, deprived C.D.C. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by engaging in practices, including but not limited to the following:   the inadequate supervision, protection and provision of educational accommodations for the special needs students in her classroom, including C.D.C.; the failure to follow policies and procedures to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student; and the failure to perform her obligations as a participant in the IEP's for District 189's special needs students in order to ensure they were protected from known risks of harm or danger, such as other students removing such special needs students from her classroom, and performing acts of sexual assault and rape upon such special needs students, including C.D.C.

187.    As a direct and proximate result of Defendant Shelby's acts and/or omissions, as detailed above, C.D.C. has been deprived of access to the public program of education.

188.     As a further direct and proximate result of the foregoing acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Eau Claire Shelby, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

## COUNT XI
### (Willful and Wanton Misconduct – Eau Claire Shelby)

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count XI of her Complaint against Defendant, Eau Claire Shelby ("Shelby"), states as follows:

189.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

190.     At all times relevant herein, Defendant Shelby was a special education teacher or special service teacher at ESLSHS, a District 189 school, and was C.D.C.'s teacher at the time of the events giving rise to C.D.C.'s injuries.

191.    At all times relevant herein, as C.D.C.'s special education teacher or special service teacher at ESLSHS, Defendant, Shelby, had an affirmative duty to enforce the policies and procedures of District 189's Special Education and Services Department within her classroom, and to perform her obligations as a participant of C.D.C.'s IEP.

192.    At all times relevant herein, based on the aforementioned duty, Defendant, Shelby, as a special education teacher or special service teacher at ESLSHS, was responsible for ensuring that her female special needs students would not be allowed to be removed from her classroom by male students, such as the students who, acting in concert, raped C.D.C., without the supervision of a school official or teacher, such as herself, when the IEP for such female special needs students mandated supervision at all times.

193.    At all times relevant herein, and as a result of C.D.C.'s IEP, Defendant, Shelby, by and through the scope of her employment with District 189, had a special relationship with C.D.C. and an affirmative duty to provide supervision for C.D.C. while she was in the care, custody and control of District 189 and Defendant, Shelby.

194.    On or about December 16, 2013, Defendant, Shelby, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., failed to supervise C.D.C., pursuant to her obligations for C.D.C. under her IEP and under the law, when she allowed another male student to enter her Special Education classroom containing only six (6) students, and remove C.D.C., a special needs student, from her classroom without the supervision of a school official or teacher, such as herself, and without taking any actions whatsoever to prevent C.D.C. from being removed from her classroom by another male student, while C.D.C. was in the care, custody and control of District 189 and Defendant, Shelby.

195.    On or about December 16, 2013, at or about the time Defendant Young removed C.D.C. from her Special Education classroom, Defendant, Shelby, knew that C.D.C.'s removal from her classroom by another male student without the supervision of a school official or teacher would naturally and probably result in injury.

196.    As a direct and proximate result of Defendant Shelby's willful and wanton acts and/or failures to act, and/or reckless disregard for the safety of C.D.C. and her obligations pursuant to C.D.C.'s IEP and under the law, C.D.C. was raped at ESLSHS while in the care, custody and control of District 189 and Defendant, Shelby.

197.    The failure of Defendant, Shelby, by and through the scope of her employment with District 189, and pursuant to her obligations under C.D.C.'s IEP, to provide supervision to C.D.C. at all times proximately caused the severe and significant physical and emotional injuries suffered by C.D.C. as a result of being raped in a janitorial closet at ESLSHS by two male students acting in concert.

198.    At all times relevant herein, Defendant, Shelby, knew or should have known that C.D.C.'s IEP mandated her supervision at all times while she was in the care, custody and control of District 189 and Defendant, Shelby, and/or that students enrolled in District 189's Special Education program required additional supervision and protections than other students not enrolled in the program.

199.    Defendant, Shelby, willfully and wantonly, and/or with reckless disregard for the safety of C.D.C., breached her duty to C.D.C. in one or more of the following ways:

   a.   Defendant, Shelby, failed to supervise C.D.C. at all times, as mandated by her duties under C.D.C.'s IEP and in accordance with the law as related to students with special needs enrolled in District 189's Special Education program, when she knew or should have known that the failure to provide supervision to C.D.C. would result in the increased risk of harm or danger to C.D.C.; and/or

   b.  Defendant, Shelby, failed to follow policies and procedures to provide supervision to C.D.C. to protect C.D.C. from known risks of harm or danger, including the removal of C.D.C. from her classroom by another male student, in violation of her obligations under C.D.C.'s IEP and under the law as related to students with special needs enrolled in District 189's Special Education program; and/or

   c.  Defendant, Shelby, in violation of her duties under the law and C.D.C.'s IEP, failed to take any actions to prevent, stop or thwart C.D.C.'s removal from her Special Education classroom by another male student to protect her from known risks of harm or danger, such as other students sexually assaulting and/or raping C.D.C.; and/or

   d.  Defendant, Shelby, failed to report to any school official, administrator or security that C.D.C. had been removed from her classroom by another male student, and was without supervision of a school official or teacher in the hallways of ESLSHS.

200.   As a direct and proximate result of Defendant Shelby's willful and wanton acts and/or omissions, as detailed above, C.D.C. was sexually assaulted and raped in a janitorial closet at ESLSHS while she was in the care, custody and control of District 189 and Defendant, Shelby.

201.   As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Eau Claire Shelby, for

actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

## COUNT XII
### *(Common Law Battery – Samuel L. Young)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count XII of her Complaint against Defendant, Samuel L. Young ("Young"), states as follows:

202.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

203.    On or about December 16, 2013, at approximately 2:00 p.m., Defendant Young, a male student at ESLSHS, entered C.D.C.'s Special Education classroom and removed C.D.C. out of the classroom and into the hallway of the school.

204.    Once C.D.C. was out in the hallway, Defendant Young coached C.D.C. further down the hallway towards a janitorial closet.  When they reached the janitorial closet, Defendant Young pushed C.D.C. into the closet where another male student was waiting for her.  The second male student removed C.D.C.'s clothes from her body and raped and sexually assaulted her while Defendant Young stood outside the closet door.

205.    Students at ESLSHS, including Defendant Young and the other male perpetrator, knew of C.D.C.'s disability by virtue of her placement in Special Education classes and recognized an opportunity to remove her from her classroom, based on her disability, for the purpose of sexually assaulting and raping her.

206.    On or about December 16, 2013, Defendant Young was acting in-concert with the other male student who sexually assaulted and raped C.D.C. in the janitorial closet in that Defendant, Young, actively removed C.D.C. from her classroom and pushed her into the

janitorial closet where the other male student was waiting for her, thereby facilitating the sexual assault and rape of C.D.C. and/or providing substantial assistance to the other male student who sexually assaulted and raped C.D.C.

207.    By virtue of the aforementioned conduct, Defendant, Young, is liable for the tortious conduct of the other male student who sexually assaulted and raped C.D.C.

208.    At no time did C.D.C. ever grant Defendant, Young, or the other male perpetrator, consent to sexually assault or rape her, nor did C.D.C. maintain the capacity to consent due to her minor and/or disabled status.

209.    At the time Defendant, Young, removed C.D.C. from her classroom and pushed her into the janitorial closet, he intended to facilitate, assist, and/or commit an unlawful and outrageous touching upon the person of C.D.C., without any lawful justification.

210.    As a direct and proximate result of the aforementioned acts, Defendant, Young, when acting in-concert with the male student who sexually assaulted and raped C.D.C., committed an unlawful and outrageous touching upon the person of C.D.C., without any lawful justification.

211.    As a further direct and proximate result of the foregoing acts of battery upon C.D.C., C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss

of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Samuel L. Young, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

## COUNT XIII
### *(Intentional Infliction of Emotional Distress – Samuel L. Young)*

COMES NOW Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, and for Count XIII of her Complaint against Defendant, Samuel L. Young ("Young"), states as follows:

212.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

213.    On or about December 16, 2013, at approximately 2:00 p.m., Defendant Young, a male student at ESLSHS, entered C.D.C.'s Special Education classroom and removed C.D.C. out of the classroom and into the hallway of the school.

214.    Once C.D.C. was out in the hallway, Defendant Young coached C.D.C. further down the hallway towards a janitorial closet.  When they reached the janitorial closet, Defendant Young pushed C.D.C. into the closet where another male student was waiting for her.  The second male student removed C.D.C.'s clothes from her body and raped and sexually assaulted her while Defendant Young stood outside the closet door.

215.    Students at ESLSHS, including Defendant Young and the other male perpetrator, knew of C.D.C.'s disability by virtue of her placement in Special Education classes and

recognized an opportunity to remove her from her classroom, based on her disability, for the purpose of sexually assaulting and raping her.

216.     On or about December 16, 2013, Defendant Young was acting in-concert with the other male student who sexually assaulted and raped C.D.C. in the janitorial closet in that Defendant, Young, actively removed C.D.C. from her classroom and pushed her into the janitorial closet where the other male student was waiting for her, thereby facilitating the sexual assault and rape of C.D.C. and/or providing substantial assistance to the other male student who sexually assaulted and raped C.D.C.

217.     At no time did C.D.C. ever grant Defendant, Young, or the other male perpetrator, consent to sexually assault or rape her, nor did C.D.C. maintain the capacity to consent due to her minor and/or disabled status.

218.     Based on the extreme and outrageous conduct outlined above, Defendant, Young, intentionally and recklessly intended to cause C.D.C. to suffer severe emotional distress, or should have known that such outrageous conduct would cause C.D.C. to suffer from severe emotional distress.

219.     Defendant Young's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of C.D.C.

220.     As a further direct and proximate result of Defendant Young's intentional and reckless conduct, and the acts of sexual assault and rape of C.D.C., C.D.C. has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; C.D.C. has incurred numerous medical bills and other health-related bills as a result of medical

treatment for her injuries, for which Plaintiff, Chinetta Martin, is liable, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Chinetta Martin, Individually, and as Guardian of the Estate of C.D.C., a Minor, requests that judgment be entered against Defendant, Samuel L. Young, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, plus costs of suit and attorneys' fees.

Respectfully Submitted,

By: ___/s/ Ryan J. Mahoney_____
    Ryan J. Mahoney, #6290113
    David Cates, #6289198
    CATES MAHONEY, LLC
    216 West Pointe Drive, Suite A
    Swansea, IL  62226
    Telephone:    618-277-3644
    Facsimile:    618-277-7882
    Email:    rmahoney@cateslaw.com
        dcates@cateslaw.com
    *Attorneys for Plaintiff*